# EXHIBIT B

Filed 10 August 12 P4:17
Loren Jackson - District C
Harris County
ED101J015909268
By: Nelson Cuero

CAUSE NO. _____

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS<br>AT LLOYDS, LONDON<br>　　　　　Plaintiffs | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| WELLS FARGO INSURANCE<br>SERVICES OF TEXAS, INC.<br>k/n/a WELLS FARGO INSURANCE<br>SERVICES USA, INC.<br>　　　　　Defendant | § § § § § § § | HARRIS COUNTY, TEXAS<br><br>_____ JUDICIAL DISTRICT |

2010-50432 / Court: 281

## PLAINTIFFS' ORIGINAL PETITION

Come now THOSE CERTAIN UNDERWRITERS AT LLOYDS LONDON SUBSCRIBING SEVERALLY TO POLICY NO. K09LS01080 ("Underwriters"), Plaintiffs, complaining of WELLS FARGO INSURANCE SERVICES OF TEXAS, INC. n/k/a WELLS FARGO INSURANCE SERVICES USA, INC. ("Wells Fargo"), Defendant, and for cause of action Plaintiffs would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.

Plaintiffs hereby request that discovery in this lawsuit be conducted under a Level 3 discovery control plan tailored to the circumstances of this lawsuit pursuant to Tex. R. Civ. P. 190.4.

### PARTIES

2.

Plaintiffs subscribe severally to Policy No. K09LS01080 effective November 30, 2009 to November 30, 2010 providing commercial property coverage to various locations in Texas.

ified Document Number: 46063635 - Page 1 of 7

3.

Defendant Wells Fargo Insurance Services of Texas, Inc., n/k/a Wells Fargo Insurance Services USA, Inc., was at the time of the events set forth in this petition a Texas corporation with its principal place of business in Houston, Harris County, Texas. Wells Fargo Insurance Services USA, Inc., the survivor entity from a merger between Wells Fargo Insurance Services of Texas, Inc. and Wells Fargo Insurance Services USA, Inc., is a North Carolina corporation authorized to do business in the State of Texas. Defendant may be served by and through its registered agent. Pursuant to Tex. R. Civ. Proc. § 103, the clerk is requested to issue citation to the Defendant's registered agent, Corporation Service Co. dba CSC-Law+, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, by certified or registered mail.

## VENUE

4.

Venue is proper in Harris County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code in that Harris County is the county is which all, or a substantial part, of the events or omissions giving rise to the claim occurred.

## FACTS

5.

Wells Fargo, acting as a surplus lines agency, sought to obtain on behalf of Carl & Gilda Samek ("Sameks") property insurance for certain risks and perils. Wells Fargo had acted as the Samek's insurance agent for years obtaining commercial property coverage for the Sameks and their various businesses. In 2009, Wells Fargo sought coverage from the London insurance market.

6.

The coverage, as originally bound by Underwriters, contained the following provision:

**EXCLUDED PROPERTY**

**THIS POLICY DOES NOT INSURE:-**

\*     \*     \*

```
5)   Any Building or structure, or property contained
     therein, while such Building or structure is vacant
     and/or unoccupied and/or inoperative for more that
     thirty days.
```

Wells Fargo requested that the exclusion be struck as one of the premises for which the Samek's sought coverage, 3405 International, Brownsville, Texas 78520, was vacant. In response, the London broker on Underwriters' behalf requested additional information from Wells Fargo as to this premise. Wells Fargo provided the following information and represented it was provided by its client:

- Roof and windows replaced in Aug/Sept 2009
- Facility is now fenced, locked, and gated
- Plans are to find a new tenant as soon as possible. Does not know how long this will take.

7.

Based on the representations provided by Wells Fargo, Underwriters withdrew the exclusion. Underwriters caused to be issued a policy of insurance to Carl & Gilda Samek, Jarmek Properties, Ltd. and other named insureds (collectively the "Named Insureds") under policy number K09LS01080 effective November 30, 2009 to November 30, 2010 (the "Policy") providing commercial property insurance. The Policy insured several different premises, including 3405

International, Brownsville, Texas 78520 ("Insured Premise").

8.

On December 3, 2009, unknown individuals broke into the Insured Premise and started a fire which destroyed the building. Underwriters discovered during their investigation after the loss that the last business at the Insured Premises was in 2002 when the building contained a home improvement store. The Insured Premises had been vacant for over 6 years. The utilities were turned off in 2003 and in some places the electrical lines removed. There were over 5,000 gallons of paint, thinner, stains and varnishes located within the structure at the time of the fire. In addition to this flammable material, there were other assorted building and home improvement items that acted as perfect fuel for fire such as lumber, wooden doorknobs, decorative pulls and handles, carpets, and floor coverings. Underwriters were unaware at the time of issuance of the Policy that the Insured Premise had been vacant for years, full of highly flammable inventory and untenatable.

9.

After investigation of the facts surrounding the fire and the placement of the Policy, Underwriters paid the insured a substantial amount for the fire loss to the building and contents.

10.

During the application process and placement of the Policy, it was Defendant's duty and responsibility at all times to provide Underwriters full, complete and accurate information regarding the premises insured by the Policy. Plaintiffs entered into the Policy as a result of and reliance on Well Fargo's statements and representations and would not have subscribed to the Policy has they known that such representations were false, inaccurate and incomplete.

## Negligence and Negligent Misrepresentation

11.

Paragraphs 1 through 10 are incorporated herein by reference as if fully set forth.

12.

Wells Fargo had a duty to take provide complete and accurate information to Underwriters during the application process for the Policy. Defendant failed to exercise reasonable care or competence in submitting information in the course of procuring the Policy and communicating information about the Insured Premise to Underwriters. The application stated that there were no flammables, explosives or chemicals on the Insured Premise when in fact there were thousands of gallons of paint and other flammable liquids and materials. Further, Wells Fargo was negligent in failing to provide complete and accurate information regarding the vacancy and condition of the Insured Premises. Underwriters were lead to believe that the Insured Premise was recently vacant when in fact it had been vacant for over 6 years. Wells Fargo represented to Underwriters that Samek was planning to find a new tenant as soon as possible. Underwriters' investigation after the loss discovered the Insured Premise was without any utilities and uninhabitable and that Samek was taking no specific steps to procure a tenant. These representations made by Wells Fargo both in the application and during the placement of the Policy were material to the risk. Such negligence resulted in Underwriters becoming embroiled in a coverage dispute with their insured and has resulted in payment of substantial sums, attorney's fees and other expenses for which Underwriters now sue.

13.

The acts, errors, omissions and negligence of Wells Fargo have been the proximate cause of loss or damage to Underwriters for which Underwriters now sue. Underwriters' loss and damage for which they now sue were proximately caused by their justifiable reliance on Defendant's continual and repeated negligent misrepresentations.

## DAMAGES

14.

The acts and practices, negligence, errors and omissions of Wells Fargo have been the proximate cause of damage to Underwriters. These damages exceed the minimal jurisdiction levels of this Court and include but are not limited to the sums paid to Carl and Gilda Samek, individually and on behalf of all other Named Insureds under the Policy, Jarmek Properties, Ltd., and the mortgagee in settlement of the claim, the cost of investigating and adjusting the claim, and the attorney's fees incurred in connection with the investigation and settlement of the claim and the prosecution of this lawsuit to recover the amounts paid.

## JURY DEMAND

Plaintiffs herein respectfully request a trial of all issues by a jury of their peers.

## WRITTEN DISCOVERY: REQUESTS FOR PRODUCTION

*Plaintiff's First Requests for Production to Defendant* is attached as Exhibit "A".

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Underwriters pray that Underwriters have judgment against Wells Fargo for all sums paid by Underwriters to Carl and Gilda Samek, individually and on behalf of all other Named Insureds under the Policy, Jarmek Properties, Ltd., and

the mortgagee in settlement of the claim, for all costs, expenses and fees paid in connection with the investigation and adjustment of the claim and furthermore, and for all attorney's fees expended in connection with the investigation of the claim and the prosecution of this suit. In addition, Underwriters pray for all pre-judgment and post judgment interest as may be allowed by law, costs of court and any such further relief to which Underwriters may show themselves to be justly entitled.

            Respectfully submitted,

            BRACKETT & ELLIS,
            A Professional Corporation


            /s/ Richard H. Gateley
            Richard H. Gateley
            State Bar No. 07752500
            rgateley@belaw.com

            100 Main Street
            Fort Worth, Texas 76102-3090
            Telephone:   (817) 338-1700
            Facsimile:    (817) 870-2265

            ATTORNEYS FOR PLAINTIFFS, THOSE CERTAIN UNDERWRITERS AT LLOYDS LONDON SUBSCRIBING SEVERALLY TO POLICY NO. K09LS01080



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ September 21, 2010 _____

Certified Document Number:   46063635   (Total Pages 7)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com